CLD-185                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1508
_____

IN RE:  JAMES ARTHUR BIGGINS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. Action No. 18-cv-00164)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 19, 2018
Before:  CHAGARES, GREENAWAY, Jr., and FUENTES, Circuit Judges

(Opinion filed: June 13, 2018)
_____

OPINION*
_____

PER CURIAM

James Arthur Biggins, a Delaware state prisoner, has filed a petition for a writ of

mandamus challenging a policy requiring the electronic filing of court documents.  For

the reasons that follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Biggins states that a pilot program was implemented pursuant to an agreement between the United States District Court for the District of Delaware and the Commissioner of the Department of Corrections that requires Delaware state prisoners to electronically file documents in District Court. Biggins contends that the program is discriminatory, restricts what prisoners can file, and violates his right of access to the courts. He asserts that the District Court and the Commissioner lacked authority to implement the policy without Congress' approval.

"Traditionally, the writ of mandamus has been used to 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id.

To the extent Biggins contends that the District Court exceeded its authority, he filed a civil action in District Court challenging the electronic filing policy. He also raised in that action his claim of a violation of his right of access to the courts. Biggins has not shown that he has no other adequate means to attain relief.[1]

---

[1]Biggins was denied in forma pauperis status in that action pursuant to 28 U.S.C. § 1915(g) and an appeal is pending, but even if the appeal is unsuccessful, he may pursue his claims by paying the filing fee.

2

Accordingly, we will deny the petition for a writ of mandamus.